# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEVEN ROBINSON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No: 4:17CV1087 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Steven Robinson's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1]. The United States of America has responded to the motion, pursuant to the Court's Show Cause Order. For the reasons set forth below, the Motion to Vacate is denied.

## PROCEDURAL HISTORY

Movant appeared before this Court for a change of plea on December 2, 2015. Movant was placed under oath prior to any questioning by the Court. The Court advised Movant that his failure to answer the Court's questions truthfully "could cause the United States to come back against [him] with a new indictment sometime down the road for perjury." Movant acknowledged that he understood.

The Court first inquired of Movant's mental and physical health, after which it concluded that Movant was competent to enter a plea. Although Movant

expressed some difficulty accepting his situation, he nevertheless clarified on multiple occasions that he was satisfied with his attorney's advice and assistance. Movant explained that he was not upset or dissatisfied with his attorney's advice, rather he was struggling with "how [he felt] about the situation." Movant stated that his attorney "did what he was supposed to do," and that he "did a real good job." Movant denied that he had any remaining questions about his case, acknowledging that his attorney had answered them all, and he denied that there were any witnesses that his attorney failed to contact or any defense he wanted pursued that his attorney had failed to pursue. Movant indicated that there was nothing he had wanted his attorney to do that his attorney failed to do. Movant stated that he had no complaints whatsoever about his attorney's representation of him.

  Movant was fully advised of his Constitutional right to a trial and all of the other rights attendant to that trial. He admitted that he had read and understood the indictment against him and denied that he had any remaining questions about it. He was also fully advised as to the statutory range of punishment to which he would be exposed in the event of a plea. Movant denied that any threats or promises had been made to him in exchange for his plea and indicated that he was pleading guilty voluntarily. He acknowledged that he had reviewed the Guilty Plea

Agreement with his attorney prior to signing it and stated that he understood that document and its contents.

Counsel for Respondent summarized the plea agreement between the parties, noting first that it was offered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). As a result, were the Court to reject the plea agreement and refuse to sentence defendant to the jointly recommended sentence of 144 months, either party would have the right to withdraw from the agreement. Counsel for Respondent clarified that "the agreement does provide that notwithstanding the Court's ultimate determination as to the correct application of those guidelines or the advisory sentencing guideline range that results therefrom, the jointly recommended sentence of 144 months will abide." Movant expressed no surprise or disagreement with any of the terms of the plea agreement.

In reciting the evidence that the government would have proven had the instant case proceeded to trial, counsel specifically noted that after Movant had sold heroin to two co-defendants, those co-defendants sold the same heroin to C.M.C. C.M.C. ingested the heroin and subsequently died. A post-mortem examination later revealed that C.M.C. died as a result of heroin intoxication. C.M.C. would not have died "but for" the ingestion of the heroin that Movant sold to his co-defendants, who passed it on to C.M.C. After a clarification unrelated to

the circumstances of C.M.C.s' death, Movant agreed that the facts recited by the government were correct.

At the conclusion of the hearing, the Court asked Movant how he would plead to the charge leveled against him. Movant responded "guilty." The Court then announced its conclusions that Movant entered "his plea of guilty knowingly, voluntarily, and of his own free will, with a fully understanding of the nature and consequences of his plea." The Court also concluded that Robison "knowingly and voluntarily waiv[ed] his right to a trial by jury and all rights incident thereto," and that he was "fully cognizant of the range of punishment applicable to the charge." As a result, the Court accepted Movant's plea of guilty and scheduled the matter for sentencing.

The United States Probation Office prepared a Pre-Sentence Investigation Report in anticipation of sentencing. The Probation Office concluded that Movant's base offense level was 38 pursuant to Section 2D1.1(a)(2). Movant objected, arguing that his base offense level should be determined solely on the basis of the drug quantity, ignoring the fact that Movant admitted that the heroin he sold was the "but for cause" of C.M.C.'s death. The government responded to the objection. Prior to imposing sentence on March 23, 2016, the Court denied Movant's objection and adopted the Probation Office's calculations as to the proper application of the United States Sentencing Guidelines. The Court thereafter

accepted the parties' plea agreement, and sentenced Movant to the jointly recommended sentence of 144 months. Movant waived his right to appeal.

## **STANDARD FOR RELIEF UNDER 28 U.S.C. §2255**

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and

actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

## DISCUSSION

### Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

### Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal.

6

*United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-*

*Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

8

# CLAIM FOR RELIEF

Movant has raised the following grounds for post-conviction relief:

**Ground One:** The Movant argues that his attorney provided ineffective assistance. Movant claims he unknowingly and unintelligently pled guilty to "enhancement" and over the advisory guideline sentence after his lawyer told him that if he didn't plead guilty to 12 years, he would get 20 years for causing the death of the victim when he died from a heroin overdose.

The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Strickland,* at 687-89.

The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

The record herein clearly establishes Movant cannot satisfy the prejudice prong. Movant appeared in open court, under oath and admitted that the victim would not have died "but for" ingesting the heroin that he distributed. The cause of death was found to be heroin intoxication. Movant admitted that he was

9

knowingly and voluntarily entering into his guilty plea. He admitted that counsel had provided him advice regarding the plea agreement. At no time did Movant indicate to the Court that counsel in anyway coerced or threatened him to plead guilty. Movant was given the opportunity to express any concerns he had with counsel at the time of the plea. Movant remained silent as to the supposed inaccurate advice.

This Court also questioned Movant on the representation he received. Movant stated that he was satisfied with the representation counsel had provided, that counsel had completed any and all investigation and interviewing of witnesses requested of counsel. Counsel explained the case to Movant. Movant assured the Court that there was nothing counsel did not do that he should have done. Movant advised the Court that he understood his rights and that he was giving up those rights in pleading guilty, including the right to a trial where the government would be required to satisfy its burden of proof.

Moreover, counsel objected to the base offense level calculation, arguing that the victim's death was not part of the offense of conviction, therefore Movant's base offense level should have been that contained in the Drug Quantity Table, specifically level 12. The Court overruled the objection. Movant presents nothing to establish that but for counsel's alleged statement, the result would have been different.

Movant fails to satisfy the prejudice element of an ineffective assistance of counsel claim.

**Ground Two**: Movant contends that counsel for Respondent engaged in misconduct in allowing Movant to plead guilty to causing the death of the victim when the Respondent knew he did not personally give the victim any drugs.

As Respondent correctly argues, causing the death of the victim encompasses the situation wherein a defendant supplies the drug that is distributed to others who in turn distribute the drug to the victim who dies from ingesting that drug. The post-mortem established that C.M.C. died as a result of heroin intoxication.

> 21 U.S.C. § 841(b)(1)(C) provides for enhanced penalties "if death or serious bodily injury results from [the use of a controlled substance that has been unlawfully distributed by a defendant]." 21 U.S.C. § 841(b)(1)(C). In *Burrage v. United States*, the Supreme Court held that, by using the "results from" operator in this statute, Congress deliberately chose to "use language that imports but-for causality. . ." and that if Congress had wished for 21 U.S.C. § 841(b)(1)(C) to apply to substantial contributing factors, it would have used language denoting that concept. 571 U.S. 204, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014). Therefore, "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless [the drug distributed by the defendant] is a but-for cause of the death or injury." Id. at 892.

*United States v. Seals*, 915 F.3d 1203, 1205–06 (8th Cir. 2019). The record establishes, and Defendant admitted under oath, that Movant distributed the heroin to his co-defendants who in turn distributed it to C.M.C. "But for" his distributing

11

the heroin to his co-defendants, C.M.C. would not have died. Movant's actions fall squarely within the reach of the statute. As such, counsel for Respondent did not engage in any prosecutorial misconduct.

## CONCLUSION

Based upon the foregoing analysis, Movant has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

## CERTIFICATE OF APPEALABILITY

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. Nos. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 9th day of September, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE